*burg,* reported on p. 21, *ante.* A general demurrer was sustained to the bill and the decision in that case held controlling.

LEWIS, FOLSOM & STREETER and J. G. GROSSBERG, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellees; WALTER H. JACOBS and CHARLES J. McFADDEN, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

---

## Illinois Life Insurance Company, Defendant in Error, v. Edward T. Kennedy, Plaintiff in Error.

### Gen. No. 20,003.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by Illinois Life Insurance Company, a corporation, against Edward T. Kennedy on a judgment note given by defendant to plaintiff for the amount of the first premium on a life insurance policy. A judgment by confession had previously been entered against the defendant, and it was afterwards opened to allow defendant to make a defense. Upon a trial before the court the defense failed, and judgment by confession was permitted to stand. To reverse the judgment, defendant prosecutes a writ of error.

EARL J. WALKER, for plaintiff in error.

HENRY W. PRICE and HUGH T. MARTIN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 156*—*when provision in application no defense in suit on note given for premium.* In an action on a promissory note given for the amount of the first premium on a life insurance policy, it cannot be claimed as a defense that there was no consideration for the note, for the reason there was a clause in the application for the policy that the insurance company should incur no liability "until the first premium had been actually paid to and accepted by the company, or its authorized agent," where the evidence showed that the company accepted the note in payment of the premium, and that plaintiff, when he accepted the policy, signed a receipt stating that the premium had been paid.

2. INSURANCE, § 328*—*provisions in application which may be waived.* A provision in an application which provides that the insurance company shall incur no liability "until the first premium has been paid to and accepted by the company, or its authorized agent," and until the policy has been actually delivered to and accepted by the insured, is for the benefit of the company alone and may be waived by it.

3. INSURANCE, § 156*—*what does not constitute defense in suit on note given for premium.* The mere fact that an insurance company accepts a promissory note instead of cash in payment of the first premium does not constitute such a violation of the Act of 1891 (J. & A. ¶ 6491), prohibiting unjust discrimination by life insurance companies between insurants of the same class, so that it may be availed of as a defense to a suit on the note, and this especially where there is no evidence that any discrimination was made in the instant case, even though the acceptance of the note in some cases and not in others could be held to be a discrimination.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.